IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LISA ANN ROBERTS, ASSIGNEE AND JUDGMENT CREDITOR OF EMPLOYERNOW DEVELOPMENT COMPANY, LLC<br>Plaintiff, | § § § § § § | |
| v. | § § | CIVIL ACTION NO. 20-159 |
| TONEY JOE CHIMIENTI AND AMERICAN FIDELITY ASSURANCE COMPANY,<br>Defendants. | § § § § § | |

## AMERICAN FIDELITY ASSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant American Fidelity Assurance Company ("American") files its Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446, based on diversity of citizenship, and respectfully shows the following:

### I.   PROCEDURAL BACKGROUND

1. On January 6, 2020, Plaintiff Lisa Ann Roberts, Assignee and Judgment Creditor of Employernow Development Company, LLC ("Roberts" or "Plaintiff") filed her Original Petition in a case styled Cause No. 19-853; *Lisa Ann Roberts, Assignee and Judgement Creditor of Employernow Development Company, LLC v. Toney Joe Chimienti and American Fidelity Assurance Company*, pending in the 451st Judicial District Court for Kendall County, Texas.

2. American was served with this lawsuit on January 10, 2020 via service to the Secretary of State by certified mail return receipt requested. *See* Exhibit "4".

3. American files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5. Attached hereto are copies of the following documents:

- **Exhibit 1:** Index of the documents filed in the state court proceeding;
- **Exhibit 2:** The State Court's Docket Sheet and Case Information Sheet;
- **Exhibit 3:** Plaintiff's First Amended Petition;
- **Exhibit 4:** Citation served on American Fidelity Assurance Company;
- **Exhibit 5:** American Fidelity Assurance Company's Answer; and
- **Exhibit 6:** Certificate of Interested Parties.

## II. BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A. Plaintiff and Defendants are diverse.**

7. Plaintiff is, and was at the time the suit was filed, a resident and a citizen of the State of Texas. *See* Plaintiff's First Amended Petition, attached hereto as Exhibit "3" ¶ 2.

8. Defendant American Fidelity Assurance Company is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma and is therefore a citizen of Oklahoma for diversity purposes.

9. Upon information and belief, Defendant Toney Joe Chimienti ("Chimienti") is, and was at the time the lawsuit was filed, a resident and citizen of the State of California. *See* Plaintiff's First Amended Petition, attached hereto as Exhibit "3" ¶ 3.

10. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between all parties in this case.

### B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.

11. In determining the amount in controversy, if a plaintiff seeks monetary relief in an amount that exceeds the minimum jurisdictional amount of $75,000, the defendant can rely on that demand to meet the jurisdictional requirement for removal. 28 U.S.C. §1446(c)(2); *S.W.S Erectors, Inc. v Infax, Inc.* 72 F.3d 489, 493 (5th Cir. 1996). In the petition, the amount in controversy pled pursuant to Rule 47 exceeds $75,000.

12. Specifically, paragraph 30 of Plaintiff's petition states "Pursuant to Texas Rule of Civil Procedure 47(c)(5), Plaintiff's damages, without inclusion of attorney's fees and costs, exceed $1,000,000." Exhibit "3" ¶ 30. Plaintiff sets out his model for calculating his alleged damages to establish his monetary relief sought in paragraphs 6 through 9 of his petition. *Id.* This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.   THIS REMOVAL IS PROCEDURALLY CORRECT

13. American was served with this lawsuit on January 10, 2020 via service to the Secretary of State by certified mail return receipt requested. *See* Exhibit "4". Thus, American is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

14. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because (i) this District and Division include the county in which the state action has been pending, and (ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

15. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

16. Promptly after American files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

17. Promptly after American files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Kendall County District Court pursuant to 28 U.S.C. §1446(d).

### IV. CONCLUSION

18. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant American Fidelity Assurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By: */s/ Zandra E. Foley*
    Zandra E. Foley
    State Bar No. 24032085
    One Riverway, Suite 1400
    Houston, Texas 77056
    713.403.8210 | phone
    713.403.8299 | fax
    zfoley@thompsoncoe.com
**ATTORNEYS FOR DEFENDANT AMERICAN FIDELITY ASSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 10, 2020 a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

J. Patrick Cohoon
LEGER KETHCUM & COHOON, PLLC
179 S. Main Street
Suite 102
Boerne, Texas 78006
pcohoon@lkclawfirm.com

Bruce C. Tough
Diana Tough
TOUGH LAW FIRM
819 Crossbridge Drive
Spring, Texas 77373
btough@toughlawfirm.com

*Attorneys for Plaintiff*

/s/ Robert C. McCabe
Robert C. McCabe